THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE CIVLR 7.1(b)(1)
(Rule Number/Section)

Emily Noelle Mihaylo
[Current Location Unknown]

James Joseph Knochel  (co-petitioner)
1100 W Valley View Rd
Prescott, AZ 86303
(928) 925-0279

✓ FILED   ___ LODGED
___ RECEIVED   ___ COPY

MAR 25 2019

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## IN UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Emily Noelle Mihaylo;<br><br>James Joseph Knochel,<br>　　　　　Plaintiffs,<br>v.<br>Amy Fackrell;<br><br>John C. Morris;<br><br>MEDICAL DIRECTOR - WEST YAVAPAI GUIDANCE CLINIC,<br><br>　　　　　Respondents,<br>　　　　　and<br>The Attorney General of the State of Arizona,<br>　　　　Additional Respondent. | SEALED<br><br>CASE NUMBER:   CV-19-8086-PCT-GMS-JZB<br><br>**Motion for leave to file Petition for Writ of Habeas Corpus under seal** |

**Motion for leave to file Petition for Writ of Habeas Corpus under seal**

Petitioner EMILY NOELLE MIHAYLO ("Mihaylo"), through her next friend James Joseph Knochel ("Knochel"), respectfully moves this court under Fed. R. Civ. P. 5.2(d) to permit the filing of the attached *Petition for Writ of Habeas Corpus* under seal

Petition, pg 1

without redaction, and with appropriate protective orders as authorized by Fed. R. Civ. P. 5.2(e).

## FACTS

Petitioner's mental health court order for treatment is sealed. Knochel's state court petitions for writ of habeas corpus, appeal and petition for review are sealed.

Mihaylo's mail is intercepted by one of the Respondents; she has not received any of the notifications of filings this court has sent to the mailing address Knochel provided for Mihaylo in the previous petition.

Knochel did not ask to file the last petition under seal because he thought counsel would be promptly appointed and would take care of the sealing, and presumed no one would care to look at the public record on account of the large number of cases filed in the district courts.

## ARGUMENT

> [...] "traditionally kept secret" exception. This phrase is a term of art specific to the right of access; a class of documents is covered by that term if there is "*neither* a history of access *nor* an important public need justifying access. Times Mirror, 873 F.2d at 1219 (emphasis added)"
> - KAMAKANA v. City and County of Honolulu, Court of Appeals, 9th Circuit 2006
>
> at [13]

> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes,"
> - Id at [2]

Cases prosecuted to subject citizens to involuntary mental health treatments always

fall under the "traditionally kept secret" exception to public access.

Under the "compelling reasons standard", Knochel offers the following arguments:

- Mihaylo specifically asked Knochel to make no further efforts to convince the people she has to deal with on a day-to-day basis of the errors of their ways, but she gave specific permission to continue efforts in the federal courts. Her only request is to avoid public attention for her predicament.

- Mihaylo's captor Amy Fackrell is familiar with the court system and PACER, on account of having been a practicing criminal defense attorney. Knochel believes that Fackrell has no intention of ever releasing Mihaylo as long as Mihaylo's family has the ability to pay for Fackrell's services.

- Filing this motion publicly would possibly subject Mihaylo to further unjustified retaliation from her captors.

## CONCLUSION

For the foregoing reasons the Petitioner's Motion to File Petition Under Seal should be granted.

Date: _____    \_[Inaccessible]_____
                              Emily Noelle Mihaylo

Date: _____    _____
                              James Joseph Knochel
                              1100 W Valley View Rd
                              Prescott, AZ 86303