James Joseph Knochel  (as next friend of Party)
P.O. Box 3499
Prescott, AZ 86303
knochj@gmail.com
(928) 925-0279



# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Emily Noelle Mihaylo, Party;<br><br>James Joseph Knochel, as Next Friend,<br>                     Plaintiffs,<br>v.<br>Amy Fackrell;<br><br>John C. Morris;<br><br>MEDICAL DIRECTOR – WEST YAVAPAI GUIDANCE CLINIC,<br>                     Respondents,<br>                and<br>The Attorney General of the State of Arizona,<br>                     Additional Respondent. | CASE NUMBER:<br>    CV-19-8086-PCT-GMS (JZB)<br><br><br>**Affidavit of Petitioners,<br>on Petition for Writ of Habeas Corpus** |

### Affidavit of Petitioners, pursuant to 28 U.S.C. § 144

Petitioners hereby file this Affidavit removing Judge G. Murray Snow from further proceedings on this Petition for Writ of Habeas Corpus. This Affidavit is filed pursuant to 28 U.S.C. § 144, Bias or prejudice of judge, which provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Petitioners believe Judge G. Murray Snow's prejudice against Petitioners is related to his being on the Court when this Court's former Chief Judge, John Roll, was assassinated at the January 8 2011 shooting at Congresswoman Giffords' event in Tucson. In the aftermath of that 2011 mass shooting all the members of the Arizona District Court disqualified themselves from the proceedings in that case, as all the judges then on the Court personally knew Judge Roll.

Petitioners believe Judge Snow, having himself been traumatized by untreated mental illness, presumably believes that any mental health treatment is better than no treatment. Petitioners further believe the specifics of these two Petitions 'triggered' Judge Snow, which motivated him to overlook the actual requirements of the case law cited in the Court's two orders dismissing the Party's habeas petitions, filed by her next friend.

While the present case has no relation whatsoever to the 2011 shooting in Tucson, perpetrated by Jared Loughner ("Loughner"), the Petitioners believe that Judge Snow cannot impartially rule on the present Petition for writ of Habeas Corpus because it calls into question the standard approach to conditions misunderstood as "mental illness", and tangentially calls into question the treatment of all similar defendants, including Loughner.

The tragedy of the shooting at Congresswoman Giffords' event in Tucson is that Loughner clearly telegraphed that he was deteriorating, and his parents did everything

they could to keep their son under control before the shooting. Loughner couldn't be helped before his crime because the harmful treatments commonly forced on patients by allopathic psychiatry are themselves a significant deprivation of liberty.

The present petition was dismissed on the basis of an obviously-suspicious letter docketed as a 'motion to dismiss'. The fraud upon the court was confirmed by the Party herself in a December 2018 notarized handwritten Notice to the Court. This was written when the Party to the Petition escaped from her captors in December 2018, 11 months after the fraud perpetrated upon her and the court in January 2018. The court's order dismissing without prejudice the present Petition for Writ of Habeas Corpus commented on the Party's handwritten letter, but did not acknowledge the letter's notarization, nor state how it determined the letter was not actually handwritten by the Party herself, nor comment on the Petition's list of witnesses who could then testify to the fraud perpetrated upon this court, nor comment on the Petition's citation of the cited case law's requirements for an evidentiary hearing to determine the actual circumstances of the motion to dismiss and for mental competency hearings to determine whether the actual party to the Petition is competent to proceed on her own behalf.

This affidavit is filed in preparation for Petitioner's filing of motion to reinstate the case under Fed R Civ P, Rule 60(d). Phone company records (from Verizon and T-Mobile), especially from July 2019 to the present, are irrefutable and objective evidence of this fraud. There are also many new witnesses to the Petitioners' ongoing significant relationship.

Dated this 4th day of May, 2020.

James Joseph Knochel, pro se
as next friend of Party Mihaylo

[unavailable]
Emily Noelle Mihaylo

James Joseph Knochel  (as next friend of Party)
P.O. Box 3499
Prescott, AZ 86303
knochj@gmail.com
(928) 925-0279

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Emily Noelle Mihaylo, Party;<br><br>James Joseph Knochel, as Next Friend,<br>Plaintiffs,<br>v.<br>Amy Fackrell;<br><br>John C. Morris;<br><br>MEDICAL DIRECTOR – WEST YAVAPAI GUIDANCE CLINIC,<br><br>Respondents,<br>and<br>The Attorney General of the State of Arizona,<br>Additional Respondent. | CASE NUMBER:<br>CV-19-8086-PCT-GMS (JZB)<br><br>**Certificate and Declaration of Next Friend**<br><br>**on Affidavit of Petitioners,<br>on Petition for Writ of Habeas Corpus** |

**Certificate and Declaration of Next Friend, pursuant to 28 U.S.C. § 144**

28 U.S.C. § 144, Bias or prejudice of judge, provides:

> [The Affidavit] shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

The Party's Next Friend, James Joseph Knochel ("Knochel"), hereby certifies this affidavit is made in good faith. Knochel is not "counsel of record", but files this Certificate 'just in case' the Court interprets such a certificate as a statutory requirement

for reassigning the Petition to another judge.

Knochel further declares the following:

The Party to this Petition, Emily Noelle Mihaylo ("Mihaylo"), called Knochel on July 22, 2019. This was their first substantial communication since December 2018, when Mihaylo was formally ordered by her probation court to have no contact with Knochel.

At that time in July 2019 Mihaylo was absconding from her involuntary treatment center. Knochel retrieved Mihaylo from an apartment complex parking lot in Phoenix on July 23 2019, and brought her to live with him in Prescott. Mihaylo told Knochel that she had absconded from her treatment facility because she realized she'd become suicidal, and was certain to kill herself if she tried to stay in that abusive environment.

Knochel personally witnessed Mihaylo signing the lease for an apartment in August 2019. Knochel was also present when Mihaylo purchase a vehicle for herself. Knochel also drove Mihaylo to her first appoinment with her new criminal defense attorney, whom she retained to represent her at her probation hearing. Knochel learned that Mihaylo was arrested at this hearing, and provided the majority of the $5000 bail to get Mihaylo out of jail before her probation revocation hearing. Knochel personally witnessed Mihaylo's gradual deterioration after this incarceration, which he attributed to her poor diet and stress. Knochel personally witnessed Mihaylo's rapid deterioration when she resumed drinking alcohol heavily at the first anniversary of the death of her mother around September 9, 2020.

Dated this 4th day of May, 2020.

*James Joseph Knochel* (signature)

James Joseph Knochel, pro se