James Knochel, pro se
P.O. Box 3499
Prescott, AZ 86302
(602) 842-2688
knochj@gmail.com
petitioner, in propria persona



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Emily Noelle Mihaylo;<br>James Joseph Knochel,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Amy Fackrell;<br><br>John C. Morris;<br><br>Medical Director – West Yavapai Guidance Clinic,<br><br>　　　　Respondents,<br><br>　　　　and<br><br>The Attorney General Of The State Of Arizona,<br><br>　　　　Additional<br>　　　　Respondent. | Case No.: CV-19-8086-PCT-GMS (JZB)<br><br>**Response to<br>Order to Show Cause** |

The District Court proposes issuing a vexatious litigant order against Petitioner Knochel. The District Court orders Knochel show cause why its

RESPONSE TO ORDER TO SHOW CAUSE - 1

proposed order should not be imposed. As the Court seems to have only read Knochel's Motion to Reinstate superficially, with the objective of finding excuses to avoid its duty to protect Knochel and Mihaylo's fundamental rights, Knochel thinks it futile to make a response.

Nonetheless, Knochel hereby objects to the proposed order in its entirety, for the following four reasons:

1.      The Filing History provided by the court in its order dated 09/09/20 (doc15, pg 10, line 6-17) is incomplete and misleading. Knochel only filed in the District Court after he and Mihaylo were denied due process of law by the Arizona State Court. The petitions provided the case numbers of Knochel's filings on Mihaylo's behalf in the Arizona Superior Court, the Arizona Court of Appeals, and the Arizona Supreme Court, and further gave reasons why these dismissals/denials were inadequate to test the legality of Mihaylo's involuntary medical treatments. These actions in the state court were filed with Mihaylo's full knowledge and permission. Mihaylo had some hope the Arizona Supreme Court would intervene in her predicament.

In addition to denying a certificate of appealability in 19-16135, the Court of Appeals for the 9th Circuit also denied Knochel's motion to file under seal a motion to amend caption. Knochel might have filed for a petition for Writ of Certiorari to the Supreme Court on these denials, but at that time Mihaylo had again escaped from her captors and Knochel thought it more important to take care of his friend than to work on a cert petition.

While the 9th Circuit did dismiss 19-16261 as frivolous, the Supreme Court of the United States also denied Knochel's motion to file his Petition for Writ

RESPONSE TO ORDER TO SHOW CAUSE - 2

of Certiorari to the 9th Circuit's dismissal of 19-16261 under seal.

Knochel sought to file under seal, in both CA9 (19-16135) and the Supreme Court (19M102, for review of 19-16261), because Knochel will be seeking prosecution of the criminal nature of the actions of Mihaylo's color-of-law captors, who denied fundamental rights to Knochel and Mihaylo and also perpetrated fraud upon this court. Knochel also wanted to avoid having Mihaylo's predicament discussed using her name, to respect her desire to avoid publicity (as is the convention for court cases of juveniles and persons subjected to civil commitment). Knochel will not make the mistake of asking to file under seal again.

2.   Knochel opposes the issuance of a vexatious litigant order because the proposed order would be issued on the basis of two petitions for writ of habeas corpus which were dismissed by the Court "without prejudice", and on its denial of the present motion to reinstate (which alleges the existence of new witnesses and substantial evidence substantiating Knochel's allegations of fraud on the court).

The January 2018 petition was filed in good faith by Knochel while the Party was in isolation from him. This isolation was partially self-imposed by Mihaylo herself, on account of fear of her probation officer and fear of her involuntary treatment center's staff. Knochel later learned that Mihaylo was actually in the county jail when this petition was filed.

Knochel was advised by the District Court's free attorney program that dismissal 'without prejudice' meant the petition could be corrected and re-filed. The second petition (March 2019) was also filed in good faith with

RESPONSE TO ORDER TO SHOW CAUSE - 3

substantial new evidence – a hand-written notarized letter substantiating fraud upon the court, which was written by Mihaylo herself after she had contacted Knochel for help while attempting to escape from her abusive situation in December 2018.

The present Motion to Reinstate precisely details specific witnesses and evidence substantiating fraud upon the court.

As the Petitions, the present Motion to Reinstate, and the state court petitions and appeal, were filed by Knochel in good faith but dismissed without assuming truthful any of the allegations of facts contained therein (except as fodder for providing superficially-reasonable orders on the petitions and motions), Knochel has been denied by this court and the state court the Opportunity to be Heard.

This hardly arises to the level of vexatious litigation, which seems to be mostly cases of people with no reasonable cases abusing the legal system (and creating tremendous legal expenses for the respondents to their cases) by filling large numbers of pointless cases. The only costs borne by anyone has Knochel's two filing fees and this court's time in figuring out how to avoid its duty to justice.

3.   The District Court's present order denying the motion to reinstate continues to assume genuine that which is fraudulent, and fraudulent that which is genuine. The order uses Mihaylo's actual quotes, made to the State Court under duress, without context. The order further neglects to mention that Knochel provided Mihaylo's handwritten statements to the state court in the present Motion solely as evidence supporting that the handwriting on

RESPONSE TO ORDER TO SHOW CAUSE - 4

Mihaylo's genuine notice of fraud to this court exactly matches Mihaylo's handwriting found in the Arizona State Court's public record.

How does the victim of fraud upon the court conclusively establish the fraud, if the Court will not entertain the possibility?

4.  The state court never ruled on Mihaylo's own motion for status hearing. Mihaylo does not know how to demand a response to her motion, and is willing to patiently wait and hope that her order for involuntary mental health treatment will expire and that her guardian will eventually allow her to move out of the care home she's been kept at for the last 11 months. The reality of Mihaylo's predicament is that any effort to assert her fundamental rights can be misinterpreted as evidence of her not acknowledging her chronic mental illness.

## CONCLUSION

Knochel now appreciates that filing a notice of appeal on the immediate response to this good-faith effort to "show cause" is not the correct avenue for accessing the higher courts, and will carefully consider other options.

Dated this 8th day of October, 2020

*[signature: James Knochel]*

James J. Knochel, Pro Se
P.O. Box 3499
Prescott, AZ 86303
knochj@gmail.com
(602) 842-2688